UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

-against-

21-CR-748 (CM)

LUIS MANUEL CASADO CALDERON,

Defendant.

---

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE OR REDUCTION OF SENTENCE

McMahon, J.:

Luis Manuel Casado Calderon is currently serving a 36 month's sentence for conspiring to distribute and possess with intent to distribute 400 grams and more of mixtures and substances containing a detectable amount of fentanyl. Although Casado was sentenced on June 14, 2023, he twice sought and obtained extensions of his surrender date based on medical issues related to injuries he received in a car accident. Dkts. 59, 61. Casado finally surrendered to the federal prison facility at Fort Dix, on January 8, 2024. Thus, Casado has served only seven months of his sentence. His projected release date is June 27, 2026.

Before the Court is Casado's motion for compassionate release, filed pursuant to 18 U.S.C.§ 3582(c)(1)(A)(i), asking this Court to immediately release him to home detention. Dkt. 63-1 at 4. Casado argues that since entering federal custody at Fort Dix, he "has been increasingly suffering from his pre-existing medical conditions and has developed new problems related to his underlying medical history." *Id.* "Mr. Casado is in desperate need of a setting in which medical treatment is more readily available and accessible." *Id.* Casado

also argues that his exceptional rehabilitation further warrants compassionate release—he says that he has been a model prisoner and has taken great strides to better himself.

The Government opposes the Casado's motion for a sentencing reduction on the grounds that (1) he has failed to show extraordinary and compelling reasons for a reduction and (2) the sentencing factors at 18 U.S.C. § 3553(a), weigh against a reduction.

For the reasons set forth herein, as well as in the Government's opposition papers, Casado's motion is denied.

Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing

2

"extraordinary and compelling circumstances" warranting release. District courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, any reduction of a defendant's sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A). For several years after passage of the First Step Act of 2018, United States Sentencing Guidelines § 1B1.13, entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," was "not 'applicable' to compassionate release motions brought by defendants ...." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). But Guidelines § 1B1.13 was amended effective November 1, 2023, and now once again provides guidance for courts adjudicating compassionate release motions. *See United States v. Cromitie*, No. 09 CR 558-01 (CM), 2024 WL 216540, at *4 (S.D.N.Y. Jan. 19, 2024) ("On November 1, 2023, the Sentencing Commission amended the Guidelines so that it now provides guidance for courts in deciding petitions initiated by both BOP and defendants.").

Of course, a court contemplating a defendant's release pursuant to § 3582(c)(1)(A)(i), must first consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they are applicable, and determine whether they counsel for or against release. A court may still deny compassionate release where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.

Casado Has Exhausted his Administrative Remedies in the Bureau of Prisons

On May 9, 2024, Casado wrote a letter to Fort Dix Warden R. Thomson asking the warden to review of "his medical condition, physical restrictions, and consideration for compassionate release." Dkt. 63-5. On June 6, 2024, the Warden denied the defendant's request because he is "fully ambulatory and capable of carrying out his institutional daily life activities without assistance." Dkt. 63-7.

Accordingly, the Court finds that Casado has exhausted his administrative remedies with the Bureau of Prisons.

The Motion Before the District Court

The defendant argues that two medical conditions—the injuries caused by his car accident and his kidney issues—constitute extraordinary and compelling reasons warranting his early release.

The Court was aware of Casado's medical condition when it sentence him. In addition to arguing that his client was nothing but a hapless mule who was enticed into joining the charged conspiracy, defense counsel pleaded with the Court—in his written sentencing submission and again orally at the sentencing proceeding—to impose a non-custodial sentence that would allow Casado to continue his rehabilitation in the community: "He would certainly get better medical attention than he could within the BOP. . . . So, I hope that that aspect of Mr. Calderon's future is something your Honor considers as well. Dkt. 56 at 13. The Court factored in defendant's need for continued rehabilitation when it imposed a sentence of 36-months' imprisonment— a

4

significant downward variance from the recommended Guidelines of 70 to 87 months' imprisonment.

And contrary to Casado's assertion that he is not getting the rehabilitation he needs in prison, his BOP medical records show that he has met with an outside physical therapist and been prescribed physical therapy to do in his cell. Ex. A at 70, 74 ("Requested IM to perform strengthening/flexibility exercises 1-2 x daily x 5 days per week in a home program"). Regarding Casado's claim that he is experiencing symptoms of diminished kidney function (he claims changes to his urine output, shortness of breath, fatigue, Mot. at 9), nothing in his medical records suggests that he is having any problem with his kidney function— never mind a serious condition that constitutes an extraordinary and compelling reason for release.

As for Casado's argument that his spotless prison record demonstrates his rehabilitation and provides an additional basis on which to grant his release, rehabilitation alone is not a basis to find extraordinary and compelling reasons. *United States v. Douglas*, No. 04-CR-1065 (CM), 2024 WL 3293765, at *3 (S.D.N.Y. July 2, 2024) ("rehabilitation alone cannot meet the statutory standard"). As discussed above, Casado has made no showing of another extraordinary and compelling reason warranting a reduction in his sentence.

In short, Casado has fallen woefully short of meeting his burden of demonstrating grounds warranting compassionate release.

The § 3553(a) Factors

Even if Casado had met his threshold burden of demonstrating an "extraordinary and compelling" reason to be considered for compassionate release, the sentencing factors at 18

U.S.C. § 3553(a)—which the Court must consider in connection with a motion for a sentence reduction, *see* 18 U.S.C. § 3582(c)(1)(A)—counsel against a sentence reduction.

Casado sold substantial quantities of deadly narcotics, including the dreaded fentanyl. He arranged the sale, delivered the narcotics, and controlled an apartment where the drugs and cash were located. The Court imposed a variance sentence of 36 months' imprisonment. It was a sentence arrived at after considering all of the § 3553(a) factors— including, *inter alia*, that the sentence reflects the seriousness of the offense, but also that the sentence take into account the defendant's personal characteristics (here, that included Casado's serious medical issues). It was a sentence that varied downward by half from the 70 months' bottom of the Guidelines range. Nothing in defendant's motion warrants a reduction in that sentence.

The motion for compassionate release is denied.

Dated: August 13, 2024
New York, New York

COLLEEN McMAHON
United States District Judge